Turley, J.
delivered the -opinion of =fhe court.
This is an action on behalf of the state to recover the amount of a forfeited recognizance, to which defendant pleads in abatement, that the scire facias was not made known to him either by being read or a copy delivered to him. T.o this plea there is a demurrer, which was sustained by the court and judgment final given thereon against the defendant, to re» cover which this writ of error is'prosecuted.
There are several questions made, which we deem it unnecessary to nctice, as they are most clearly against the defendant. But the question most relied on is as to the correctness of the opinion of the court in sustaining the demurrer and the judgment final rendered thereon.
The demurrer was properly sustained. No averment can be allowed against the return of the sheriff, — if his return be false the defendant’s remedy is by an action on the case for a false return.
But it is said that the judgment of the court upon sustaining the demurrer ought not to have been final, but that (he defendant answer over. This proposition is unquestionably true, in the case of Eichorn vs. Le Maitre, 2 Wilson’s Rep. 367, the court of C. B. says, that “if issue be joined upon a plea in abatement, and the verdict be against the defendant, the judgment ought to be final, because every man must be presumed to know whether his plea be true or false; but upon a demurrer to a plea in abatement there shall be a respondías ouster, because every man shall not be presumed to know the matter of law which he leaves to the judgment of the court.” This is the leading case upon this subject, and having never been questioned since its determination,. it. is conclusive upon the question under consideration.
But it is said by the attorney general, that the. judgment of the Gourt is a judgment by default for want of a plea, to the merits which defendant neglected to, file, when • he might *124 •well have done so. This answer to the objection cannot avail. The judgment of the court is in these words; “It is considered by the court that the said demurrer to said plea be sustained; and said seine facias, as against said defendant being ¡undefended further, upon motion of the state by the attorney .general, it is considered by the court that the State of Tennessee recover,” &c. This is a final judgment upon the demurrer, and not a judgment by default; and moreover, no judgment by default could have been regularly taken until the defendant ¡had neglected to plead to the merits upon a judgment of respondeas ouster.
The judgment of the court below will therefore be reversed .and the case remanded for further proceedings.